# UNION PACIFIC RAILWAY COMPANY *v.* JAMES.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 270. Argued May 4, 1896. — Decided May 25, 1896.

The plaintiff, an employé of the railway company, sued to recover for injuries caused to him by the unblocking of a frog, in consequence of which he was thrown down, and an engine passed over him before he

could recover himself. There was contradictory testimony as to the condition of the frog before and after the accident. On the trial below the only issue presented was — the condition of the frog at the time of the accident: but the court in substance instructed the jury that if the company had once properly blocked the frog it incurred no liability to its employés by reason of the subsequent displacement of the blocking, unless such displacement was made with its knowledge or had continued for such length of time as to impute notice to it. The same point having been taken in this court, *Held,*

(1) That there being a conflict of testimony as to the condition of the frog, that question of fact was properly submitted to the jury;

(2) That while the position of law taken by the company in this court cannot be disputed, it was not taken or considered on the trial, and is not open for consideration here;

(3) That although the case is not entirely clear, this court is not prepared to hold, on the record, that there was such error as would justify it in disturbing the judgment.

On April 12, 1890, defendant in error filed his petition in the District Court of Pottowattamie County, Iowa, to recover of plaintiff in error $20,000 for personal injuries. From the petition it appears that he was a brakeman in the employ of the railway company; that the injury occurred at the town of North Bend, in the State of Nebraska, and that it was caused by reason of his catching his foot in the narrow angle or frog made by the junction of the main and side tracks at that place, from which frog he was unable to extricate himself until an engine had passed over him. It was alleged that the blocking of such frog is the proper duty of every railway company, upon the performance of which every employé has a right to rely; and, further, "that in fact, said angle or frog was not then, and had not been, blocked or filled, but was in a very dangerous and hazardous condition by reason of not being blocked or filled, all of which the said defendant then and there knew, but of which said plaintiff had no knowledge whatever."

The defendant answered with a general denial, and by amendment that the plaintiff was entirely familiar with the condition of the tracks at North Bend, and by virtue of such knowledge waived the right to take advantage of any alleged defect in their condition. The case was removed on application of the railway company to the Circuit Court of the United

States for the Southern District of Iowa. Trial being had it resulted in a verdict and judgment for the plaintiff, which was affirmed by the Court of Appeals of the Eighth Circuit, 12 U. S. App. 482, to reverse which judgment the railway company sued out this writ of error.

*Mr. John M. Thurston,* (with whom was *Mr. John F. Dillon* on the brief,) for plaintiff in error.

*Mr. Francis A. Brogan,* (with whom was *Mr. M. J. Colbent* on the brief,) for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

The issues in this case were made up by the charge in the petition that the frog was not and had not been blocked, which charge was denied, and which denial was supplemented by the further allegation on the part of the railway company that the plaintiff knew the condition of the tracks and continued in defendant's employ with full knowledge of the same, waiving thereby the right to complain of any supposed defect.

The testimony of plaintiff was that at the time of the accident, about one o'clock in the morning, the frog was unblocked. In addition he called five witnesses, who testified that on the next morning they examined the track and that there was no blocking in the frog; or, as one of them said, "the same as no blocking at all." On the other hand, the defendant introduced the testimony of seven witnesses, who examined the track either the next morning, or soon thereafter, and each of whom found the frog properly blocked — one of them, the section foreman, testifying that before the accident he had himself put the blocking in.

Obviously the question which the parties submitted to the jury was that of the existence or non-existence of a block in the frog at the time of the accident. It is contended by the railway company that the court erred in failing to give a peremptory instruction to find a verdict for the defendant. The only witness who testified to the condition of the frog

at the time of the accident was the plaintiff, and he testified that it was an unblocked frog, and while the section foreman testified that it was blocked before, and that he found it the Sunday after in the same condition that he had originally placed it, and while there was testimony of several witnesses that immediately after the accident the frog was found to be properly blocked, yet there was also equally satisfactory testimony to the contrary. As this latter testimony obviously contradicts that of the section foreman as to the condition of the frog after the accident, it tends to impeach it as to placing blocking in the frog prior thereto. At any rate, in view of the plaintiff's personal testimony, there was certainly a question of fact to be submitted to the jury as to whether the frog was or was not blocked at the time of the accident, and their conclusion in that respect cannot be challenged, and it would have been error for the court to have given a peremptory instruction, based either way upon this disputed question of fact.

Again, it is said that the only testimony as to the condition of the frog prior to the accident was that of the section foreman, who testified that he had properly blocked it, and that if that be ignored there was no testimony tending to show that it was not at some time properly blocked and the block removed without the knowledge of or notice to the railroad company. The statement of the section foreman may be considered as challenged by the counter testimony of plaintiff and his witnesses, and in the absence of any testimony as to the condition of the frog prior to the accident the jury were not bound to assume that the frog had once been properly blocked and the blocking thereafter removed or destroyed. They were at liberty to infer that it never had been blocked, that the track as originally constructed at this place was as it was found to be at the time of the accident, and so a case was presented of the absolute omission of the railroad company to discharge its duty of providing a safe place for the movement of its trains and the work of its employés.

It is earnestly insisted by counsel for the railroad company that the court improperly narrowed the issues submitted to

the jury by charging that the single question was whether the frog was blocked or not at the time of the injury, and it is urged that the true rule is, that if the railroad company had once properly blocked the frog it incurred no liability to its employés by reason of the subsequent displacement of the blocking unless such displacement was with its knowledge or had continued for such a length of time as to impute notice to it. We do not question the proposition of law as thus stated, but the difficulty is that no such issue was tendered by the pleadings, and the parties evidently went to trial upon the single question whether the frog was or was not blocked at the time of the accident. The charge in the petition was that the frog was not and had never been blocked. The answer denied this fact, and did not assume to set forth as a defence that it had once been blocked and the block displaced without the knowledge of or notice to the railroad company. The railroad company was apparently content to rest its defence upon the single question of the existence of blocking at the time of the injury. The testimony went to that alone. In respect to this matter the trial judge in overruling the motion for a new trial observed as follows:

"The argument now advanced by defendant in support of his motion is, that even if the frog was unblocked, that fact of itself would not make defendant liable for the injury resulting therefrom; that the proof must go farther, and bring to defendant knowledge of such unblocked condition; either defendant must be proven to have had actual notice of such unblocked condition, or such condition must be proven to have existed so long as that, in the exercise of ordinary care, defendant should have discovered it. Defendant contends the proof did not fulfil these requisites as to notice, and that the jury were not instructed with reference to applying these requisites to the evidence.

"Neither in the opening statement to the jury, nor in the argument to the jury after the evidence had closed, did counsel for defendant lay his case on the line of these requisites. Throughout the trial, the position of defendant was that the frog was blocked at the time of the injury. Both in opening

statement and in closing argument defendant's counsel insisted the frog was blocked at the time of injury. To this, defendant's evidence was pointed, and in fact limited, so far as it tended to refute the charge of negligence alleged and attempted to be proven by plaintiff. Defendant did not attempt to escape or avoid, by any showing of sudden tearing out of the frog, whatever force attended plaintiff's evidence as to an unblocked condition of the frog. On neither side was any testimony introduced tending to show any sudden destruction of blocking at this frog. But on either side the contest was as to whether the frog was in fact blocked at the time of the injury. Plaintiff rested his claim, touching the cause of the injury, on the attempt to prove that such injury was caused by the frog being unblocked at time of injury. And defendant was equally content, as to evidence introduced, in attempting to prove the frog was then blocked. And defendant's counsel limited his argument to the jury upon the evidence to this same line of defence."

Yet notwithstanding the pleadings and the testimony seemed to narrow the issue to this particular matter, the court in its instruction discussed the further question of the liability of the company in case of an original proper blocking of the frog and its subsequent displacement. It said, among other things, on this matter:

"If evidence had been introduced to show that suddenly, by some disarrangement of the machinery of the train, the wooden part of the frog or blocking had been pulled out of the frog at a time so near the injury, as that the company could not have been charged with negligence in not having found it out reasonably by inspection through its workmen or otherwise, before the injury, then in an accident of that kind the company would not be liable for the injury to plaintiff, because the company would not have been negligent in not ascertaining that the block had been thus removed."

So that it cannot be said that the proposition of law upon which counsel for the railroad company so strenuously insists was wholly ignored on the trial. It was in fact presented by the court to the jury, although, it is true, coupled with the

statement that the issues made by the pleadings and the silence of the testimony in respect to the prior situation narrowed their inquiry to the single matter of the condition at the time of the accident.

It must be confessed that this case is not entirely clear, and yet, considering the entire record, we are not prepared to hold that there was error such as would justify this court in disturbing the judgment.

It is, therefore,

*Affirmed.*