# McCAULEY

*v.*

# THE SOUTHERN RAILWAY COMPANY.

MASTER AND SERVANT; FELLOW SERVANTS: NEGLIGENCE; CON-
TRIBUTORY NEGLIGENCE; CONSTRUCTIVE NOTICE; RAILROADS.

1. An employer cannot escape liability by delegating to a fellow-
servant of the person injured the duty of furnishing safe
machinery and appliances and keeping them in proper repair;
the negligence in such case of the person charged with the
performance of this duty is in law the negligence of the em-
ployer and not that of the fellow-servant; *following* Railroad
Co. *v.* Elliott, 9 App. D. C. 341.

2. A railroad company is not liable to an employee for injuries re-
sulting from a part of a locomotive becoming suddenly loose
and defective, without supervening negligence, unless from
lapse of time, or some other circumstance, notice of its con-
dition can reasonably be imputed; but an inspection of the
locomotive which will discharge the company from liability
cannot be presumed from the mere fact of the locomotive
having been in the company's round house on the day the
accident occurred, and may have there been inspected and
repaired.

3. Where the fireman on a locomotive provided with footboards and
handrails on either side, but having no rail in front, goes out
upon the left hand side of the locomotive while it is in motion
and then walks on the front, and while removing a flag on the
right and supporting himself by grasping a number plate
placed on the locomotive as a means of identification and not
as a support, is thrown to the ground by the slipping of the
plate, although he cannot be said to be guilty in law of con-
tributory negligence, he cannot recover from the company for
injuries so received in the absence of evidence showing that
his use of the number plate as a support was with the ac-
quiescence, or at least within the knowledge of his employer.

No. 620.   Submitted March 10, 1897.   Decided April 7, 1897.

HEARING on an appeal by the plaintiff from a judgment
on a verdict directed by the court in an action to recover
damages for personal injuries.  *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an action of damages for injury to the person. The plaintiff, Daniel McCauley, was in the service of the Southern Railway Company as fireman on engine No. 791. This engine had for some time run between Washington and Leesburg. On July 19, 1894, the engine had been run into the round house at Alexandria, and there remained about six hours. It was the duty of the engineer to watch his engine and in case any repair was needed to have it done in the round house. He told plaintiff the night before that he had orders to take the engine to Alexandria for some repairs. It does not appear what was needed or that any work was in fact done. About four o'clock in the afternoon the engine was ordered to "run extra" to Washington. Running thus it was required by the rules of the defendant to display two white flags in front and two green ones at the rear. In the language of plaintiff this duty "would be fulfilled" on arrival at Ninth street in Washington, where there was a dispatcher's office. If signalled, the engine would be stopped; otherwise it would run on the switch or siding and back to the station. It was plaintiff's duty, as fireman, to set the flags at starting, and to remove those in front on arrival at Ninth street. Each front flag staff was set in a socket on the side of the pilot. The flags were then between three and four feet apart. The engine, which was of an old design, had a foot board and hand rail on each side extending to the front flag staff socket. There was no handrail in front over the pilot and never had been on that engine. Some of the new and large engines have such a front handrail. Plaintiff had been accustomed to take up the flag on the right side just before reaching the dispatcher's office, which was on the left, because it could not be seen by that person after reaching a point some twenty yards from him, on account of the intervening engine. The left side flag was left standing until the place

10 Ct. App.—37

had been passed so that the rule would be reported as complied with.

The manner in which he received his injury is thus described by the plaintiff:

"When we were approaching Ninth street I went out at my window and along the footboard on the side until I got to the steam chest and off onto the pilot, where there was no handrail. There this number plate was a good hand hold; just as good as a side rail. I had used it a hundred times before and never knew it to be loose. When I went out on this left hand side I put this hand on the number plate and reached my left hand down to pull the right hand flag. Just as I pulled the flag the number plate turned and I was falling in front of the engine. As I was falling I shoved and managed to get myself outside of the track."

Plaintiff was not run over, but his leg was broken by the fall. The number plate referred to is a round piece of metal, about 16 inches in diameter, fastened into the front of the engine by a single screw. It had large brass figures upon it—791—to indicate the number of the engine on the defendant's record. All engines carry like plates for the display of their numbers; and these are affixed in a conspicuous place for that purpose only, and perform no function in the operation of the engines.

The foregoing contains the substance of the evidence offered by plaintiff, omitting that concerning the character and consequences of his injuries. Upon its conclusion, the court, on the motion of the defendant, directed a verdict; and from the judgment thereon the plaintiff has appealed.

*Messrs. T. A. & W. J. Lambert* for the appellant.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

There is substantial agreement between the opposing

counsel in respect of the principles that govern the duties of the employer in the matter of furnishing suitable and safe machinery and appliances to employees, as well as the correlative obligations and liabilities of the employee, in their ordinary use. These have been embodied in a rule enounced by the Supreme Court of the United States in a form well adapted for application in this case. "Neither individuals nor corporations are bound, as employers, to insure the absolute safety of the machinery or mechanical appliances which they provide for the use of their employees. Nor are they bound to supply the best and safest or newest of those appliances for the purpose of securing the safety of those who are thus employed. They are, however, bound to use all reasonable care and prudence for the safety of those in their service by providing them with machinery reasonably safe and suitable for the use of the latter. If the employer or master fails in this duty of precaution and care, he is responsible for any injury which may happen through a defect of machinery which was, or ought to have been, known to him and was unknown to the employee or servant. But if the employee knew of the defect in the machinery from which the injury happened, and yet remained in the service, and continued to use the machinery without giving any notice to the employer, he must be deemed to have assumed the risk of all danger reasonably to be apprehended from such use, and is entitled to no recovery. And further, if the employee himself has been wanting in such reasonable care and prudence as would have prevented the happening of the accident, he is guilty of contributory negligence, and the employer is thereby absolved from responsibility for the injury, though it was occasioned by the defect of the machinery, through the negligence of the employer." *Washington, etc. R. Co.* v. *McDade,* 135 U. S. 554, 570.

The motion to direct a verdict for the defendant because of the insufficiency of the plaintiff's evidence was general

in its terms, and was sustained without the specification of any distinct ground. Several have been suggested on the argument as sufficient, singly, to sustain the instruction, and these, with the counter propositions of the appellant, will be considered in the light of the doctrine above quoted.

One of these grounds is clearly insufficient. If the defendant had, in fact, neglected its duty in the matter of furnishing safe appliances, it could not escape liability therefor because the negligence was that of the plaintiff's fellow servant, the engineer, whose duty it was to inspect the engine and take it to the round house for repair when needed. The employer cannot escape liability by delegating to a fellow servant of the person injured the duty of furnishing safe machinery and appliances and keeping them in proper repair. The negligence, in such case, of the person charged with the performance of this duty is in law the negligence of the employer, and not that of the fellow servant. *B. & P. R. Co.* v. *Elliott,* 9 App. D. C. 341; *N. P. R. Co.* v. *Peterson,* 162 U. S. 346, 353.

Another point closely allied to the foregoing, and urged with it, is also without merit. It is doubtless true that if the number plate had been examined and found securely fastened a short time before the accident, the defendant would not be liable for any injuries resulting from its becoming suddenly loose, without supervening negligence, unless from lapse of time, or some other circumstances, notice of its condition could reasonably be imputed. *U. P. R. Co.* v. *James,* 163 U. S. 485, 489. There was, however, no foundation for the application of the doctrine recognized in the above case. There was no proof tending to show that the number plate and its fastening had been inspected and found to be in good order before the accident. It certainly could not be presumed from the fact that the engine was in the round house and may have been inspected and repaired therein on the day that the accident occurred.

We come now to the question of controlling importance. Before the plaintiff could be entitled to have the case sub-

mitted to the jury he must have offered some evidence from which a reasonable man might infer the negligence of the defendant in the performance of its duty to him.

Moreover, the defendant's negligent failure of duty, if proved, would not warrant plaintiff's recovery if it also plainly appeared that his own negligence, in the particulars hereinabove defined, contributed to his injury. Such contributory negligence, however, must be shown affirmatively by the defendant unless it necessarily appears in the plaintiff's own evidence.

Carefully considering the evidence offered to show the defendant's negligence, and giving the plaintiff the benefit of every reasonable inference that might be deduced therefrom, we are of the opinion that it is insufficient in law.

Defendant was clearly not liable (and this counsel for plaintiff concede) for its failure to have a hand rail across the front end of the engine; for if this was a defect no one knew it better than plaintiff, and he had not raised or found an objection to it. He rests his case, therefore, on the defective fastening of the number plate, which he claims to have used as a substitute for the hand rail. But, as we have seen, this number plate was not a necessary or working part of the engine. It answered a separate and distinct purpose, namely, to show the number of the engine, that it might be readily recognized. It was screwed on to the engine head so as to be readily removable in case of desired change. Plaintiff knew its purpose and had often polished it, though he says he did not know how it was secured. It did not break, but the screw simply turned under the weight of the plaintiff as he pressed upon one side of the plate. There is nothing tending to warrant an inference that the plate was not sufficiently secured for all the purposes that it was intended to serve by the maker and the owner of the engine. Plaintiff's use of it as a substitute for a hand rail in passing over the pilot could not convert it into an appliance furnished for that purpose, unless that use was with the knowledge and the express or implied consent of the defendant. Now,

whilst he says that he often used it in that way, there is not one particle of evidence tending to show that such use was known to, much less encouraged or acquiesced in by, the defendant. It would be a harsh and unreasonable rule of law that would permit an employee, without the knowledge of his employer, to make use of an appliance wholly foreign to the purpose that it was designed to serve, and thereby make the employer liable to him because it may have proved inadequate and unsafe for the new, unauthorized and unknown use.

It seems sufficiently clear that it was not contributory negligence, as matter of law for the court to declare, for the plaintiff to go out upon the left side of the engine and then walk on the front in order to remove the flag on the right; yet his apparently unnecessary exposure to danger in so doing tends to emphasize the reasonableness of the rule above enounced that holds the defendant guiltless of negligence in respect of the condition of the fastening of the number plate. For, whether contributory negligence in point of fact or not, it is clear that ample means had been provided on each side of the engine for the convenient and safe removal of the front flags. Had he gone out upon the right side instead of the left, he could not, according to his own statement, reasonably have met with the accident, because ample footboards and handrails extended on each side as far as the flagstaff sockets. Now, as we have said, whilst this was not contributory negligence as matter of law, it nevertheless tends strongly to show that the use of the number plate as a support in the removal of the flags could not have been in the contemplation of the defendant, and illustrates the necessity of requiring the plaintiff to show by some evidence that his use of the number plate as a support in the performance of his duty was at least within the knowledge of the defendant.

For the reasons given, we think the court did not err in the instruction to the jury; and the judgment will be affirmed. It is so ordered.    *Affirmed*